IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **WESLEY D. OZBIRN**, <br><br> Defendant. | Case No. 18-CR-03138-01-CR-S-MDH |

### MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession with the intent to distribute methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c);
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

### SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under

the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with possession with the intent to distribute methamphetamine, a crime for which a term of not more than 20 years' imprisonment is possible.

Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

To further support the Government's contention that the defendant is a risk to the safety of the community and a risk to flee, the Government offers that: On July 29, 2016, the defendant was stopped by the Missouri State Highway Patrol and found to be in possession of a firearm and a white powdery substance that field tested positive for methamphetamine, both of which the defendant admitted were his. On the way to the jail, the defendant described the firearm as "pretty sweet" and said that his status as a felon was "just a technicality." On February 7, 2017, the defendant was stopped in a vehicle by the Springfield, Missouri, Police Department and had approximately 15.74 grams of methamphetamine on the floor in front of where he was sitting, which he claimed, and a stolen firearm under his seat. The woman with the defendant during the stop admitted to officers that she was purchasing large amounts of methamphetamine from a person to whom the defendant had introduced her.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

            Respectfully submitted,

            TIMOTHY A. GARRISON
            United States Attorney

      By  */s/ Josephine L. Stockard*
         Josephine L. Stockard
         Missouri Bar No. 63956
         Assistant United States Attorney
         901 St. Louis Street, Suite 500
         Springfield, Missouri 65806-2511

## Certificate of Service

      The undersigned hereby certifies that a copy of the foregoing was delivered on January 16, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                            */s/ Josephine L. Stockard*
                                            Josephine L. Stockard
                                            Assistant United States Attorney